Filed 1/19/16  P. v. Gonzales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>MICHAEL HERNANDEZ GONZALES,<br><br>   Defendant and Appellant. | F069948<br><br>(Super. Ct. No. F12909468)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Detjen, J. and Peña, J.

Appellant Michael Hernandez Gonzales pled no contest to making criminal threats (Pen. Code, § 422)[1] and he admitted a serious felony enhancement (§ 667, subd. (a)(1)) and allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 28, 2012, at approximately 8:30 p.m., Blas T. was at a bus stop in Fresno, California, cleaning the benches and trashcans when he refused Gonzales's request to save the cigarette butts for him.  Gonzales began hassling Blas and calling him profane names.  Nevertheless, before leaving Gonzales shook hands with Blas.

Approximately an hour later, Gonzales returned, told Blas that he was taking too much time, and demanded he leave.  Blas did not leave and Gonzales became verbally aggressive and threatened to shoot and kill him.  Blas became fearful of Gonzales and attempted to get into his city vehicle to leave but Gonzales blocked his path.  Blas called the police and they arrested Gonzales.

On November 21, 2012, the district attorney filed a complaint that alleged two prior prison term enhancements (§ 667, subd. (b)) in addition to the charge of criminal threats and the enhancements under sections 667, subdivisions (b) through (i), and 667, subdivision (a)(1).

On February 26, 2013, the court found Gonzales was not competent to stand trial and it suspended criminal proceedings pursuant to section 1368.

On January 6, 2014, the court found Gonzales had regained his competency and it reinstated criminal proceedings.

---

[1]     All further statutory references are to the Penal Code.

2.

On June 2, 2014, Gonzales entered his plea in this matter in exchange for the dismissal of the two prior prison term enhancements, a stipulated prison term of seven years eight months, and the dismissal of four unrelated cases.

On June 30, 2014, the court sentenced Gonzales to an aggregate term of seven years eight months as follows: a doubled, mitigated term of two years eight months on his criminal threats conviction and a five-year serious felony enhancement.

Gonzales's appellate counsel has filed a brief that summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Gonzales has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.